Guy Morrison, Plaintiff in Error, v. Martin T. Kurtz et al., Defendants in Error.

ERROR TO MADISON.

While a court of equity has undoubted authority to compel one creditor to satisfy his debt out of a particular fund to which he alone can resort, yet it will never do this to the injury of such creditor, or where that course will work injustice to other parties.

While the court possesses this power, it by no means follows that it will always be exercised. It is the primary duty of the court to protect all of the creditors in their just rights, and also the rights of others.

Partnership estate should be first exhausted to pay partnership debts, before resort is had to the separate estates of the partners. And the separate creditors are entitled to be first paid out of the separate estates of the several partners.

Martin T. Kurtz, as surviving partner of the firm of M. T. Kurtz & Company, filed his bill, alleging that he, together with one Vines Davis, in the year 1850, being the owners of certain real estate in the county of Madison, which he describes, and upon which was a steam flouring mill, formed a copartnership for the purpose of carrying on the milling business, and that

afterwards one John Loyd became a member of said copartnership, paying to Kurtz & Davis seven thousand dollars, which were applied to the satisfaction of the debts due by the copartnership; that a distillery was erected and carried on upon the same premises by the firm; that the firm became involved to the extent of eighteen thousand dollars; that soon after Davis and Loyd lost their lives by the same accident; that Kurtz was unable to satisfy the debts due by the firm, or to carry on the business, without loss. Therefore, he prayed that the property of the firm should be sold, and the proceeds thereof be distributed in the payment of the debts due. The estate and assets of the firm were ordered to be sold and distributed, and a commissioner was appointed to carry out the decree.

The commissioner sold and made his report, and the court found and decreed upon it, that the debt due Guy Morrison was secured by a deed of trust, on real estate which belonged to John Loyd in his own right, and that Morrison have satisfaction of his claim against the late firm of Kurtz, Davis & Co. out of and from the real estate by which he is secured for the payment of his said claim; and that after having exhausted said real estate for that purpose, if there should be a balance unpaid against the firm, Morrison was to become a general creditor with the other creditors, who have presented their claims, and to be paid in the same manner to the extent of said balance; and that the commissioner should retain in his hands an amount of money sufficient to pay any deficiency of the claim of Morrison, which might exist after the sale of the real estate on which he holds the deed of trust.

By agreement the case was to be taken, if appealed, to the supreme court at Springfield.

Morrison assigned for error, that the court below erred in decreeing that the claims filed before the master by Martin T. Kurtz & Co., be allowed to be paid out of the proceeds of the partnership property with the other creditors, excepting the said Morrison; that the court erred in decreeing that Morrison have satisfaction of his claim against the firm, out of the real estate mortgaged by Loyd for the payment of his claim, and that after having exhausted said real estate, if there should remain a balance unpaid, that he was to become a general creditor with others, &c.; and in not decreeing that the claim of Morrison should be paid out of the partnership property as a general creditor.

The decree was entered by Underwood, Judge, at August term, 1853, of the Madison Circuit Court.

J. & D. Gillespie, for plaintiff in error.

H. BILLINGS and G. TRUMBULL, for defendants in error.

CATON, J., Two questions are presented for our consideration in this case : First, whether Morrison is entitled to a distributive share of the proceeds of the sale of the mill property upon his debt; and second, whether Kurtz & Co. are entitled also to share in such distribution.

Morrison held a mortgage upon this property to secure his debt, which was to be paid by Kurtz & Davis, who, at that time, composed the firm. Loyd was taken into the firm as an equal partner, and for the purpose of relieving the mill property from that debt, that they might be enabled to raise other money upon that property, new notes were given to Morrison, executed by all three of the partners, to secure which Loyd and wife executed a deed of trust of his separate property to Morrison. After the dissolution of the partnership by the death of Davis & Loyd, a decree was entered in this suit at the instance of the surviving partner directing the sale of the mill property for the payment of the debts of the firm; and Morrison presents his claim before the master, and claims a distributive share of the proceeds of the sale, as one of the creditors of the firm. That his debt was due from the firm, and was a partnership debt, there can be no question from the proofs reported by the master, and the only objection to his sharing in the distribution is, that the estate is insolvent, and that his debt is secured by a deed of trust of Loyd's private estate, to which he can resort for the payment of his debts, and to which the other creditors of the firm cannot resort for the payment of their debts. While a court of equity has an undoubted authority to compel one creditor to satisfy his debt out of a particular fund to which he alone can resort, yet it will never do this to the injury of such creditor, or where that course will work injustice to other parties. While the court possesses this power, it by no means follows that it will be always exercised. It is the primary duty of the court to protect all of the creditors in their just rights, and also the rights of others. We think Morrison has a right to insist upon his distributive share of the cash raised from the sale of the property as a creditor of the firm. As a creditor of the firm he has the same abstract right to the proceeds of the sale as the other creditors. He is as meritorious in every respect as they; and because he was more vigilant or cautious in requiring security, it is no reason why he should be put in a worse condition than the other creditors, by having his debt postponed and his payment delayed till by a proper proceeding he can realize out of the property upon which his debt is

secured, while the other creditors are paid in cash. Abstractly, he has as much right to this money as they have, and they have no merit over him which entitles them to immediate payment, while he is delayed.

But there is another reason why Morrison's debt should be paid *pro rata* with the other creditors of the firm. By so much as this dividend will reduce Morrison's debt, by so much will Loyd's separate estate be relieved from the incumbrance of a debt which is not properly chargeable upon his estate, but is justly chargeable upon the partnership estate. Justice, therefore, to Loyd's separate creditors, who are here represented by the administratrix, requires that the partnership estate should be first exhausted in the payment of this, with other partnership debts, before resort is had to his separate estate, for the payment of the firm liabilities. It is true that all of the separate estates of the several partners is liable to the payment of the partnership debts, but not till all of their separate creditors are paid. The partnership estate is first liable for the payment of the partnership debts, and the separate estates of the partners are first liable to the payment of the separate debts of the several partners. This rule is a just one in principle, and the general creditors of the firm cannot complain, when it is enforced in favor of the representatives of Loyd's separate estate and it is by no means certain that the separate creditors of Loyd would not have the right to insist that Morrison should receive his distribution of the assets of the firm before resorting to Loyd's separate estate under the trust deed. At any rate, we think he has a right to it, when it is claimed by him, and that the court erred in excluding him from a distribution of the proceeds of the sale of the firm property.

We think the court decided properly in admitting the firm of Kurtz, Davis & Stocking to a dividend upon their debt out of this fund. Kurtz & Davis were members of both firms, but Stocking was a stranger to the other copartnership. He, at least, has a right to insist upon this dividend as much as if his partners were not connected with the other firm. He, as a partner, is liable for all of the debts of the firm of which he is a member, and he has a right to insist that all which is due to his firm shall be brought in to swell the fund out of which those debts shall be first paid. It is true, that Kurtz and the estate of Davis are liable for the debts of the firm of Kurtz, Davis & Loyd; but their interests in the assets of the other firm is not thus liable till its debts have been all paid and a dividend made to them of the residue. Then, and not till then, does it become the separate property of the individual members of the firm,

and, as such, liable for the debts of the other firm. The decree directing the distribution of the proceeds of the sale of the property specified, must be reversed, and the suit remanded, with directions to let Morrison in for his distributive share, with the other creditors.

*Decree reversed.*